UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| DARCIAN REININGER,<br><br>        Plaintiff,<br><br>vs.<br><br>MIDLAND FUNDING LLC,<br><br>        Defendant. | Case No.: 5:17-cv-00557<br><br><br>COMPLAINT |

Plaintiff Darcian Reininger alleges:

## PRELIMINARY STATEMENT

1. This is an action for damages arising from Defendant's violations of the Fair Debt Collections Practices Act, 15 U.S.C. §1692 *et seq.* (hereinafter "FDCPA") and the Fair Credit Reporting Act, 15 U.S.C. § 1681*et seq.* (the "FCRA").

## JURSIDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331 and 15 U.S.C. §1692k (d).

3. Venue is proper in this district under 28 U.S.C §1391(b).

## PARTIES

4. Plaintiff is a resident of Spring Branch, Texas and is a "consumer" as the phrase is defined and applied under 15 U.S.C. §1692(a) of the FDCPA.

5.      Defendant is a corporation doing business in the State of Texas, with its corporate address as 2365 Northside Drive, Suite 300, San Diego, California 92108 and is "debt collector" as the phrase is defined and applied under 15 U.S.C. §1692(a) of the FDCPA in that they regularly attempt to collect on debts primarily incurred for personal, family or household purposes.

## STATEMENT OF FACTS

6.      This case involves credit reporting errors on Plaintiff's credit report. Specifically, Midland Funding reported false information concerning a consumer debt.

7.      On or about December 13, 2006, Plaintiff obtained a credit card through Webbank, which he used for personal use.

8.      Personal credit card debt is considered a "debt" as that term is used and defined under the FDCPA.

9.      The Creditor charged-off the credit account on or around July 18, 2011. On or about February 1, 2012, Defendant Midland Funding purchased the debt thereafter.

10.     Defendant Midland Funding is a debt collector, the principal purpose of its business is to collect debts.

11.     On or around January 2015, on a date better known to Defendant, Defendant obtained a judgment against Plaintiff. The judgement was in the amount of $4529.15.

12.     On or around September 9, 2016, Defendant reviewed her credit report which showed a trade line from Midland Funding, for Account #854656XXXX, the account upon which Defendant had obtained the judgement. The trade line reflected a balance owing of $4,432. This amount is different than the amount obtained in the judgment. Exhibit A.

13.     Plaintiff disputed the amount of the debt with all three credit bureaus.

14. Defendant failed to reasonably investigate Plaintiff's dispute, and provided knowingly false information to the credit bureaus by verifying the debt in question, in violation of the FDCPA and FCRA.

15. Additionally, Defendant failed to mark the debt as disputed with each of the three credit bureaus in violation of the FDCPA and the FCRA.

## COUNT I
## VIOLATION OF THE FAIR CREDIT REPORTING ACT
## BY MIDLAND

1. Plaintiff re-alleges the above paragraphs as if recited specifically herein.

2. At all times pertinent hereto, Midland was a "person" as that term is used and defined under 15 U.S.C. § 1681a.

3. Midland willfully and negligently supplied the credit bureaus with information about Plaintiff that was false, misleading, and inaccurate.

4. Midland willfully and negligently failed to conduct an investigation of the inaccurate information that Plaintiff disputed.

5. Midland willfully and negligently failed to report the results of its investigation to the relevant consumer reporting agencies.

6. Midland willfully and negligently failed to report the debt as disputed.

7. Midland willfully and negligently failed to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2(b).

8. Midland's conduct, action and inaction was willful, rendering it liable for actual and statutory damages, and punitive damages in an amount to be determined by the Court pursuant to

15 U.S.C. § 1681n. In the alternative, Midland was negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

WHEREFORE, PLAINTIFF PRAYS that this court grant him a judgment against Midland for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and attorney's fees.

### COUNT II
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692 *et seq*

9. Plaintiff repeats the allegations contained in the above paragraphs and incorporates them as if specifically set forth at length herein.

10. Defendant Midland has knowingly reported false information to the credit bureaus concerning Plaintiff's debt. In violation of 15 U.S.C. §§ 1692e, e(2), e(8) and e(10).

11. Further, Midland has failed to mark the debt as in dispute with Equifax in violation of 15 U.S.C. § 1692e(8).

WHEREFORE, Plaintiff, Darcian Reininger, respectfully requests that this Court do the following for the benefit of Plaintiff:

a. Enter an Order declaring Defendants actions, as described above, in violation of the FDCPA;

b. Enter a judgment against Defendants for statutory damages, pursuant to 15 U.S.C. § 1692k;

c. Award costs and reasonable attorneys' fees, pursuant to 15 U.S.C. § 1692k; and

d. Grant such other and further relief as may be just and proper.

## **JURY TRIAL DEMAND**

12.     Plaintiff demands a jury trial on all issues so triable.

Dated this 22nd of June, 2017.

                                              Respectfully Submitted,

                                              <u>/S/ Daniel Zemel, Esq.</u>
                                              Daniel Zemel
                                              **Zemel Law LLC**
                                              78 John Miller Way Suite 430
                                              Kearny, NJ 07032
                                               862-227-3106
                                              dz@zemellawllc.com
                                              Attorney for Plaintiff